UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Cheryl Ackerman,**<br><br>Plaintiff,<br><br>v.<br><br>**David Wolff,**<br>**U.S. Trustee,**<br>**Archer & Greiner, PC,**<br>**Louis Galiano, DMD**<br><br>**Defendants.** | Civ. No. 20-361 (KM)<br><br><br><br>**OPINION & ORDER** |

This the latest in a series of actions and appeals from orders of the Bankruptcy Court in Case No. 17-7032 brought by the debtor, Cheryl Ackerman.[1] Ms. Ackerman appeals from an order of the bankruptcy court (DE 1-1) that denied her latest motion to reopen the bankruptcy case for failure to comply with the bankruptcy court's prior order of March 9, 2018 ("Order Placing Conditions on Filing of Any Further Motions by Debtor") That prior order, based on a pattern of repetitive assertion of similar claims, provided:

---

[1] Ms. Ackerman has filed a number of actions or appeals relating to her bankruptcy case:

17-cv-07040-KM ACKERMAN et al v. ARCHER & GREINER closed 04/20/18
18-cv-08045-KM ACKERMAN v. WOLFF closed 08/21/18
18-cv-11860-KM ACKERMAN v. WOLFE closed 04/11/19
18-cv-09139-KM ACKERMAN v. WOLFF closed 08/21/18
19-cv-4908-KM ACKERMAN v. WOLFF closed 04/09/19
19-cv-19526-KM ACKERMAN v. WOLFF et al filed 10/30/19
19-cv-21345-KM ACKERMAN v. WOLFF closed 12/30/19
20-cv-00361-KM ACKERMAN et al v. WOLFF closed 01/27/20 [this case]

Most repetitively assert the same contentions and grievances. Also on this court's docket is *Ackerman v. NJ Bd. Of Med. Examiners*, Civ. No. 14-4029, closed 10/10/2014, a civil action unrelated to the bankruptcy.

1

    2. The Debtor shall only be allowed to file a motion in the future for relief previously sought and denied, only if all of the following conditions are met via the filing of a supporting Certification, signed under penalty of perjury, that evidences the following:

    (a) any claims the Debtor wishes to present are new claims never before raised and disposed of on the merits;

    (b) the Debtor believes the facts alleged to be true, which facts must be supported by documentary proof; and

    (c) the Debtor knows of no reason to believe her claims are foreclosed by controlling law.

    3. If all conditions set forth in paragraph 2 above are met, the Court will subsequently schedule a return date for said motion.

(Order Placing Preconditions on the Filing of Any Future Motions, quoted at DE 1-1) In the order now being appealed, Bankruptcy Judge Gambardella noted that Ms. Ackerman had already filed one motion to reopen the case, which was denied by order dated October 24, 2019. Ms. Ackerman then filed a second motion to reopen the bankruptcy case on December 12, 2019, but did not comply with the preconditions contained in the Order Placing Preconditions on the Filing of Any Future Motions. Because Ms. Ackerman had not complied with those preconditions, the bankruptcy court denied the second motion to reopen the bankruptcy case, in an order filed on December 18, 2019. (DE 1-1)

On January 10, 2020, Ms. Ackerman filed this appeal from the December 18, 2019 order.[2] On January 27, 2020, I dismissed the appeal for failure to comply with Fed. R. Bankr. P. 8003, in that Ms. Ackerman had failed to file a designation of the record. (DE 3) Now before the court is a motion to reopen the case (DE 4),[3] as well as an application for appointment of pro bono counsel (DE 5).

---

[2]     I set aside the issue of whether the appeal is timely. *See* Fed. R. Bankr. P. 8002 (appeal must be filed within 14 days after entry of order.)

[3]     It is not altogether clear whether this is a motion to reopen *this* case, or yet another motion to reopen the bankruptcy case. The distinction may be insignificant, in that the ultimate object either way is to reopen the bankruptcy case.

The motion to reopen the case does not remedy the defect that led to the earlier dismissal—*i.e.,* the failure to designate the bankruptcy court record—although it may be regarded as an attempt to do so. It may also have been intended as Ms. Ackerman's brief on the merits of the appeal.

I will deny this motion, or appeal, *sua sponte,* on a number of grounds.

First, nothing in it rebuts, or even addresses, the basis for Bankruptcy Judge Gambardella's order: namely, that Ms. Ackerman had not complied with the Order Placing Preconditions on the Filing of Any Future Motions

Second, there is an independent threshold bar. Ms. Ackerman's property was sold pursuant to an order of the bankruptcy court. On November 18, 2018, the trustee agreed to set aside from the proceeds an unclaimed homestead exemption of $24,000. In return, Ms. Ackerman agreed to the entry of a consent order that she refrain from filing further motions, appeals, adversary proceedings or complaints. (Copy at Civ. 18-11860 DE 20) The filings have nevertheless continued.

Third, this motion asserts nothing new. Like prior filings in these related cases, this motion is a scattershot recital of grievances. These include the alleged bad faith filing of the bankruptcy, the invalidity of the liens on her home, alleged legal malpractice by the attorney defendant, dental malpractice, cardiac health issues, and other complaints. Both this Court and the bankruptcy court have dealt with these contentions on multiple occasions. My decision in two prior actions (18-11860 DE 21; 19-4908 DE 6) is emblematic. There, I considered and denied Ms. Ackerman's application and/or "emergency appeal" seeking to "reopen the BANKRUPTCY Matter."

## ORDER

IT IS this 21st day of February, 2020

ORDERED that the motion to reopen the case (DE 4) is DENIED; and it is further

ORDERED that, because there is no viable case, the motion for appointment of pro bono counsel (DE 5) is DENIED.

The file shall remain closed.

*[signature]*

**KEVIN MCNULTY**
**United States District Judge**